UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Ronald Goergen

     v.                         Civil No. 13-cv-283-JD
                                 Opinion No. 2014 DNH 131
United States of America

O R D E R

Ronald Goergen was sentenced to four consecutive terms of imprisonment of fifteen years each after he pleaded guilty to four counts of sexual exploitation of children in violation of 18 U.S.C. § 2251(a). Goergen now seeks relief from his sentence pursuant to 28 U.S.C. § 2255, alleging two claims of ineffective assistance of counsel. The government objects to habeas relief.

Background

Count I of the information against Goergen charged that "[o]n a date uncertain, but between August 1, 2003 and December 31, 2004," Goergen "did employ, use, persuade, induce, entice and coerce a minor child, Jane Doe 1, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, to wit, a computer image 'jpg'file, which visual depiction was transported in interstate or foreign commerce or was mailed." Count II charged that "[o]n a date uncertain, but between August 1, 2002 and December 31, 2004" Goergen "did employ, use, persuade, induce, entice and coerce a minor child, Jane Doe 2, to engage in sexually explicit conduct for the

purpose of producing a visual depiction of such conduct, to wit, a computer video file, which visual depiction was transported in interstate or foreign commerce or was mailed."  Count III charged the same conduct with Jane Doe 2, and Count IV charged the conduct with Jane Does 1 and 2 for the purpose of producing "a computer image 'jpg' file."  The actions charged were in violation of 18 U.S.C. § 2251(a).[1]

Goergen pleaded guilty, without a plea agreement, to all four counts on September 15, 2010.  The government recommended consecutive sentences of fifteen years on each count for a total of sixty years.  Goergen objected to the government's recommendation and asked for a total sentence of fifteen years.

In support of his objection to the recommended sixty-year sentence, Goergen argued that the 2002 version of U.S.S.G. § 2G2.1 should have been used to calculate his offense level for Counts II, III, and IV because the actions charged in those counts occurred before November 1, 2004, when the Guidelines were amended and changed § 2G2.1.  He also argued that the facts did not support an offense characteristic for sadistic conduct under U.S.S.G. § 2G2.1(b)(4).  As a result, Goergen asserted, the offense level calculated by the probation officer was higher than it should have been.  Goergen conceded that the probation

---

[1]Section 2251 was amended by the PROTECT Act, effective April 30, 2003, which increased the minimum and maximum penalties.

officer's recommended offense level for Count I, based on the
then-current version of the Guidelines, 2010, was correct and did
not challenge that part of the recommendation.[2]

The court concluded that the retroactive application of the
2010 version of § 2G2.1 did not have an ex post facto effect in
Goergen's case because the changes did not affect the length of
his sentence.[3]   The court also concluded that there were
sufficient facts to support an offense characteristic under
§ 2G2.1(b)(4).   For those reasons, the court rejected Goergen's
objections to the recommended sentence and sentenced Goergen to
four consecutive terms of fifteen years each.

On appeal, Goergen argued that use of the 2010 Guidelines
violated the Ex Post Facto Clause as to Counts II, III, and IV
but conceded that Count I involved conduct that occurred after
the amendment of the Guidelines in November of 2004.   He also
argued that his sentence was unreasonable due to an improper
assessment of the risk of recidivism and that the court did not
assess the totality of the circumstances in imposing the
sentence.   The First Circuit found no ex post facto violation,

---

[2]As explained at the sentencing hearing and in the court's
memorandum and order on Goergen's objection to the government's
sentencing recommendation, the Presentence Investigation Report
referred to the 2008 Guidelines, instead of the 2010 Guidelines,
which was a typographical error.

[3]Because of the "one book rule," the 2010 version of the
Guidelines Manual, which Goergen conceded applied to Count I,
would apply to all counts unless the application would violate
the Ex Post Facto Clause.

noting that the sentence was imposed based on factors other than
the offense level, and affirmed the court's decision.  United
States v. Goergen, 683 F.3d 1, 6 (1st Cir. 2012).

## Discussion

For purposes of review under § 2255, Goergen contends that
counsel denied him effective representation by allowing him to
plead guilty to Count I based on conduct that occurred after
April 30, 2003, and by failing to argue that the April 2003
Guidelines Manual (meaning the 2002 Manual along with the
supplement issued on April 30, 2003) applied at sentencing.  The
government objects, arguing that the record shows that the
conduct charged in Count I occurred on August 1, 2003, making the
amended version of § 2251 applicable, and that application of the
April 2003 Guidelines would not have caused the court to impose a
shorter sentence.

A.  Ineffective Assistance of Counsel

"The Sixth Amendment guarantees criminal defendants the
right to counsel."  United States v. Rodriguez, 745 F.3d 586, 590
(1st Cir. 2014).  To succeed on a claim of ineffective assistance
of counsel, a habeas petitioner "must demonstrate both:  (1) that
counsel's performance was deficient, meaning that counsel made
errors so serious that counsel was not functioning as the counsel
guaranteed the defendant by the Sixth Amendment; and (2) that the

4

deficient performance prejudiced the defense." <u>Pena v. Dickhaut</u>, 736 F.3d 600, 605 (1st Cir. 2013) (internal quotation marks omitted); <u>see also</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).

A highly deferential standard applies when considering ineffective assistance of counsel claims. <u>Pena</u>, 736 F.3d at 605. "The reviewing court 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" <u>United States v. Valerio</u>, 676 F.3d 237, 246 (1st Cir. 2012) (quoting <u>Strickland</u>, 466 U.S. at 689). Therefore, a habeas petitioner must show that "given the facts known at the time, counsel's choice was so patently unreasonable that no competent attorney could have made it." <u>Pena</u>, 736 F.3d at 605 (internal quotation marks omitted).

"To demonstrate prejudice, [a habeas petitioner] must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> (internal quotation marks omitted). The court may resolve a claim of ineffective assistance of counsel based on the prejudice prong without first determining whether counsel's performance was constitutionally ineffective. <u>United States v. LaPlante</u>, 714 F.3d 641, 650 (1st Cir. 2013).

B.   Guilty Plea to Count I

     Goergen was charged in Count I with sexual exploitation of a
child, in violation of § 2251(a), during the time period between
August 1, 2003, and December 31, 2004.   Section 2251 was amended,
effective April 30, 2003, which increased the minimum time of
imprisonment from ten to fifteen years and the maximum time from
twenty to thirty years.   Therefore, Goergen contends, if he had
pleaded guilty to conduct that occurred before April 30, 2003,
rather than after, the shorter minimum and maximum penalties
would have applied.

     In challenging his guilty plea based on ineffective
assistance of counsel, Goergen must show that his trial counsel's
representation was constitutionally deficient and "that there is
a reasonable probability that, but for counsel's errors, he would
not have pleaded guilty and would have insisted on going to
trial."   Hill v. Lockhart, 474 U.S. 52, 59 (1985); see also
Moreno-Espada v. United States, 666 F.3d 60, 66 (1st Cir. 2012).

     Goergen asserts that his trial counsel failed to provide
reasonably competent representation by failing to consult with
him about the time frame for the charged conduct in Count I in
light of the effective date of the amended version of § 2251 and
should have told him that he had a reasonable defense to Count I
based on the time during which the crime could have been
committed.   In support, Goergen relies on new representations
made by counsel in the Amended Petition that the conduct charged

6

in Count I, based on a photograph, could only have occurred between June 30, 2002, and September 1, 2003, when Goergen lived in the house that is shown in the photograph.  For that reason, Goergen argues, it is likely that the photograph was taken before April 30, 2003, and trial counsel was constitutionally ineffective in failing to raise that defense.

The government objects.  The government asserts that Goergen's argument is procedurally improper because it relies on allegations that are not properly supported.  In addition, the government contends, even accepting the new allegations, Goergen cannot show prejudice.

Rule 2 of the Rules Governing Section 2255 Proceedings requires that a motion for habeas relief must "be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant."  Rule 2(a)(5).  Similarly, 28 U.S.C. § 2242 states:  "Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting on his behalf."  See also McGarry ex rel. McGarry v. Karr, 2012 WL 1821403, at *1 (W.D. Wash. Apr. 10, 2012) ("The clear implication of these rules is that a petitioner, or someone legally acting on petitioner's behalf with knowledge of the contents of the petition, such as an attorney, must sign and verify the petition.").

Goergen signed his initial motion for habeas relief, filed pro se, under penalty of perjury.  That motion, however, does not

include the facts alleged in the Amended Petition about the time
frame for the photograph that is the subject of the charged
conduct in Count I.  Although the Amended Petition is signed by
Goergen's attorney, the time-frame facts are not verified by
Goergen or supported by Goergen's affidavit.

Assuming without deciding that the time-frame facts may be
considered because the Amended Petition was signed by Goergen's
attorney under Federal Rule of Civil Procedure 11, Goergen's
argument nevertheless lacks merit.  In the photograph that is the
subject of Count I, the child is holding a sign that says "August
1, 2003."  The prosecutor made a proffer at the sentencing
hearing that the child victim would testify that the photograph
was taken on that date.  Goergen accepted those facts as part of
his guilty plea.

Goergen's new theory about the time frame of the photograph,
based on the date when he moved away from the house where the
photograph was taken, does not suggest a viable defense.  Because
Goergen still lived in the house on August 1, 2003, the
photograph could have been taken on that date.  No other facts
show that the photograph could not have been taken after April
30, 2003.  Under those circumstances, Goergen has fallen far
short of showing that his counsel's advice on the guilty plea and
counsel's failure to consider a defense based on the time frame
were patently unreasonable.

The government also argues that Goergen cannot show prejudice because his self-serving statements without a claim of innocence and without a plausible defense, are insufficient.  See Moreno-Espada, 666 F.3d at 66-67.  Goergen does not deny that he took the photograph of the child victim.  He also provides no plausible evidence that the photograph was taken at any time other than August 1, 2003, the date shown in the photograph.  As such, Goergen has not shown that he suffered prejudice, even if his counsel's representation on the guilty plea had been constitutionally deficient.

C.  Sentencing

18 U.S.C. § 3553(a)(4)(A) and U.S.S.G. § 1B1.11 provide that a sentencing court should apply the version of the Guidelines in effect at the time of sentencing unless that application would violate the Ex Post Facto Clause.  United States v. Pagan-Ferrer, 736 F.3d 573, 596 (1st Cir. 2013).  When a defendant is sentenced for multiple convictions on offenses that occurred over a period spanning different versions of the Guidelines, the court is to apply a single version of the Guidelines to all of the convictions and the version in effect at the time of the last offense governs.  Id. at 597-98.

U.S.S.G. § 2G2.1, the sentencing guideline pertinent to Goergen's conduct, was amended effective November 1, 2004, and the amendments remained in effect in the 2010 Guidelines.  The

amended version of § 2G2.1 raised the base offense level from 27 to 32 and included new offense characteristics as bases for enhancements, including sadistic conduct.  Before sentencing, Goergen conceded that the 2010 version of the Sentencing Guidelines applied to Count I but argued that, contrary to the one-book rule, the April 2003 Guidelines applied to Counts II, III, and IV.  The court applied the 2010 version of the Guidelines to all counts, and the decision was affirmed on appeal.  Goergen, 683 F.3d at 3-4.

For purposes of habeas relief, Goergen contends that his trial counsel's representation was constitutionally ineffective because the November 2004 version of the Guidelines did not apply to the conduct charged in Count I.  He argues that counsel failed to read the April 2003 Guidelines so that counsel did not realize that the changes to U.S.S.G. § 2G2.1 were not made until the November 2004 Guidelines.  Goergen argues that he received a harsher sentence than he would have if the correct Guidelines had been applied.

Under the 2010 Guidelines, Goergen's total offense level was 51 with an advisory guidelines range of life or the statutory maximum sentence of ninety years.  Goergen represents that under the April 2003 Guidelines, his total offense level would have been 39, with an advisory guidelines range of 262 to 327 months (approximately twenty-two to twenty-seven years).

In response, the government contends that whether or not counsel's representation was constitutionally deficient with respect to which version of the Guidelines applied, Goergen was not prejudiced because the court would have imposed the same sentence even if the more lenient April 2003 Guidelines were applied.  The government relies on the court's statements during the sentencing hearing that an appropriate sentence would be at the top of the statutory maximum, which was 90 years.

The sexual exploitation of children for which Goergen was convicted involved circumstances that made his crimes particularly offensive and reprehensible.  As the court made clear at the sentencing hearing, the court concluded then that a sentence which was the equivalent of life in prison was warranted in Goergen's case.  Therefore, a sentence of sixty years imprisonment, which is within the statutory maximums, would be appropriate even if the applicable Guideline range were 262 to 327 months.

<u>Conclusion</u>

For the foregoing reasons, Goergen's Amended Petition for habeas relief (document no. 15) is denied.

Because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2), the court declines to issue a certificate of appealability.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_Joseph A. DiClerico, Jr._
Joseph A. DiClerico, Jr.
United States District Judge

June 11, 2014

cc:  Andrew R. Schulman, Esq.
     Seth R. Aframe, Esq.